Opinion issued March 30, 2006

 
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00489-CV
____________

JOHN C. PEYTON, MARK A. PEYTON, DAVID N. PEYTON, ESTATE OF
GEORGE C. PEYTON JR., and MATTHEW H. PEYTON, Appellants

V.

PAUL PRESSLER, INDIVIDUALLY AND AS TRUSTEE OF THE TRUST
AGREEMENT; AILEEN TOWNES PEYTON MCHENRY JONES,
INDIVIDUALLY AND AS TRUSTEE OF THE TRUST AGREEMENT;
EDGAR GOSS TOWNES, INDIVIDUALLY AND AS TRUSTEE OF THE
TRUST AGREEMENT; and FULBRIGHT & JAWORSKI, L.L.P., Appellees




On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Cause No. 330484401




MEMORANDUM OPINIONOn July 15, 2004, this Court dismissed appellants’ appeal for failure to pay
the $125 filing fee. On August 10, 2004, we struck appellants’ motion for rehearing
because it did not contain a certificate of conference. On August 27, 2004, we struck
appellants’ second motion for rehearing because it did not include the requisite $10
filing fee. On September 24, 2004, we granted appellants’ third motion for rehearing
and reinstated the appeal. Appellants’ brief was due on October 24, 2004. On
October 25, 2004, appellants’ filed a motion to extend time to file their appellants’
brief, which this Court granted until November 23, 2004.

               On December 26, 2004, over a month after appellants’ brief was due,
appellants filed a second motion for extension of time. Concurrently therewith,
appellants filed their original appellants’ brief. On January 10, 2005, this Court
struck appellants’ brief because the font in the brief was improperly sized. On
February 28, 2005, appellant filed an amended brief. On March 18, 2005, appellees
filed a motion to strike appellants’ amended brief. On May 18, 2005, this Court
struck appellant’s amended brief because (1) the font size was still incorrect; (2) did
not contain appropriate citations to authorities and to the record, (3) made references
to items not in the summary judgment record, and (4) made arguments without citing
where the arguments were supported in the summary judgment record. This Court
gave appellants until June 18, 2005, to file a second amended brief.

               On June 20, 2005, appellants filed a second amended brief. On July 18,
appellees filed a motion to strike appellants’ second amended brief. On August 2,
2005, this Court struck appellants’ second amended brief because it still contained
improper font size and did not cite where in the record support for their arguments
could be found. This Court ordered appellants to file a third amended brief using 13-point or larger font size type and citing to the place in the record where support for
their arguments could be found. The third amended brief was due August 2, 2005,
but was not filed by that date.

               On September 13, 2005, appellees filed a motion to dismiss based on
appellants’ failure to timely file a third amended brief, as ordered by the Court. On
November 10, over three months after the brief was ordered filed in this Court,
appellants filed a third amended brief.


 On November 30, 2005, appellees filed a
joint (1) motion to strike appellants’ third amended brief, (2) motion to dismiss for 
want of prosecution, and (3) motion of extension of time to file their appellees’ brief. 
On December 19, 2005, this Court granted the motion to strike appellants’ third
amended brief. Appellants’ third amended brief was almost identical to the second
amended brief, which had been previously struck. After twice being admonished by
this Court to include citations to the summary judgment record to show where in the
record support for their arguments could be found, appellants still failed to do so in
their third amended brief. We also granted appellees an extension of time to file their
brief. We now consider appellees’ motion to dismiss for want of prosecution.

               Appellants have been given multiple opportunities to cure their briefing
defects. As of this date—more than a year after appellants’ original brief due date of
November 23, 2004—no conforming brief has been filed. Accordingly, we GRANT
appellees’ motion to dismiss and DISMISS the appeal. See Tex. R. App. P. 42.3(c). 
We OVERRULE all other pending motions.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Taft and Alcala.